UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-21666

EDMUNDO DA SILVA,
For Himself and Others Similarly Situated

    Plaintiff(s),

vs.

SOS FURNITURE COMPANY, INC. d/b/a
MATTRESS 1 ONE,
MATTRESS ONE, INC. d/b/a
MATTRESS 1 ONE,
MOHANED SALEM and
JAMIL SALEM,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Edmundo Da Silva, on behalf of himself and others similarly situated, sues Defendants, SOS Furniture Company, Inc., Mattress One, Inc., Mohaned Salem, and Jamil Salem, as follows:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Edmundo Da Silva**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-1.]

2.     Plaintiff is but one of a much larger class of similarly situated people entitled to recover additional overtime wages as a result of Defendants' failure to properly calculate and pay overtime wages.

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884    FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

3. **Defendant, SOS Furniture Company, Inc.**, is a for profit Florida company that is *sui juris* and has operated its retail mattress sales business, in Miami-Dade County, Florida, at all times material. Defendant, SOS Furniture Company, Inc., operates multiple stores under the registered fictitious name of Mattress 1 One.

4. **Defendant, Mattress One, Inc.**, is a for profit Florida company that is *sui juris* and has operated its telemarketing/diet business here, in Miami-Dade County, Florida, at all times material. Defendant, Mattress One, Inc., operates multiple stores under the registered fictitious name of Mattress 1 One.

5. **Defendant, Mohaned Salem**, was and is an owner and operator of the corporate Defendants for the relevant time period. He ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

6. **Defendant, Jamil Salem**, was and is an owner and operator of the corporate Defendants for the relevant time period. He ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). SOS Furniture Company, Inc., Mohaned Salem, and Jamil Salem employed Plaintiff until from July 2013 to August 2014, after which time Mattress One, Inc., Mohaned Salem, and Jamil Salem employed him from April 25, 2016 to February 17, 2017.

8. This Court has jurisdiction over Plaintiff's FLSA claims.

9. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain an office and multiple retail placees of business in Miami-

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

*Common Background Factual Allegations*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, and promotion of mattress and related items (box springs, frames, etc.) in interstate commerce. Defendants marketed, promoted, brokered, and transacted their retail mattress business by selling mattresses, box springs, and bed frames using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce.

12. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

13. Defendants also sell financing and insurance of the mattresses they sell using financial institutions and insurers located outside of the State of Florida.

14. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

15. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of selling mattresses, box springs, bed frames, insurance, and finance serves to persons while regularly and routinely making transactions utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

17. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

18. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Collective Action Allegations*

19. Plaintiff brings this action on behalf of himself and other similarly situated persons who work and who worked for Defendants in Miami-Dade and Broward Counties as hourly salespersons from the three years immediately preceding the filing of this Complaint and the date of the rendition of a final judgment in this action.

20. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA, deprived of the overtime pay they earned, and who would benefit from the issuance of notice of their rights, the present lawsuit, and their ability to join this lawsuit (without fear of retaliation for affected current employees of Defendants).

21. The class of similarly situated employees employed by Defendants who may

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

become Plaintiffs in this action are current and former employees of Defendants who were paid on an hourly basis, whose overtime pay did not include the non-discretionary 3% commission earned on sales, who were not paid for attending mandatory trainings, and who are and who were subject to the same payroll practices and procedures.

22. The class of similarly situated employees employed by Defendants are known to Defendants, readily identifiable from records maintained by Defendants, and necessarily will present legal and factual issues which are nearly the same, if not identical to Plaintiff's issues.

23. Defendants paid Plaintiff according to the same pay practice that it applied to its other employees who, like Plaintiffs, received a receive an overtime rate of pay that did not account for the commissions earned and that did not account for the mandatory trainings attended.

24. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class of Defendants' other similarly situated employees.

25. The common issues in this case include the following:

   a. Whether one or more of the Defendants should be considered an "employer" under the FLSA;

   b. Whether one or more Defendants was at all times material an enterprise engaged in commerce under the FLSA;

   c. Whether Defendants were required to include the non-discretionary commissions in their hourly sales employees' regular rate(s) of pay when calculating their overtime pay rate(s);

   d. Whether Defendants failed to pay the proper overtime rate to their hourly sales employees;

5

  e. Whether Defendants' failure to properly pay Plaintiff and the class of similarly situated current and former hourly sales employees the proper overtime rate for all overtime hours worked was willful, reckless, or done with reckless disregard for purposes of determining the applicable limitations period;

  f. Whether Plaintiff and the members of the collective / class are entitled to recover liquidated damages from Defendants; and

  g. Whether Plaintiff and the members of the collective / class are entitled to recover their attorneys' fees and costs from Defendants upon prevailing in this action.

26. Plaintiff seeks the same relief for himself as for the other similarly situated current and former employees of Defendants.

***Liability Allegations***

27. Plaintiff worked for Defendants, SOS Furniture Company, Inc., Mohaned Salem, and Jamil Salem from July 2013 to August 2014 and then again for Defendants, SOS Furniture Company, Inc., Mattress One, Inc., Mohaned Salem, and Jamil Salem, from April 25, 2016 to February 17, 2017 as a non-exempt employee performing inside sales.

28. Defendants paid Plaintiff at a rate of $8.05 per hour, plus a non-discretionary commission of 3% of his sales until on or about September 15, 2016, after which time Defendants paid Plaintiff on a commission-only basis.

29. Although Plaintiff worked overtime while working for Defendants, they failed to include the value of his commissions earned through approximately September 15, 2016 in the overtime paid to him.

6

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

30. The FLSA requires, at §778.118, that " When the commission is paid on a weekly basis, it is added to the employee's other earnings for that workweek . . . and the total is divided by the total number of hours worked in the workweek to obtain the employee's regular hourly rate for the particular workweek."

31. Defendants thus failed to properly calculate the overtime rate of pay when they failed and refused to pay Plaintiff and the class of similarly situated hourly sales employees at the rate of time and one-half of their regular rate of pay (including non-discretionary commissions earned) for all hours worked over 40 hours in a workweek until Defendants changed to a commission-only pay structure.

32. Defendants likewise failed to pay Plaintiff and the class of similarly situated current and former hourly sales associates any overtime wages for the 3 to 4 hours of time they spent every two months attending mandatory sales trainings.

33. The class of similarly situated sales employees employed by Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

34. Upon information and belief, Defendants failed to pay overtime and failed to comply with the FLSA to minimize their labor costs and to maximize their profits.

35. Defendants maintained records or were required to maintain records of the times that Plaintiffs and the class of similarly situated commissioned health insurance agent employees started and stopped working each day.

36. Defendants paid Plaintiff according to the same pay practice that it applied to its other employees who, like Plaintiff, received an hourly wage plus commissions – but who did not receive overtime pay that took into account the non-discretionary commission income and

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

who did not receive overtime pay for attending mandatory training classes.

37. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class of Defendants' other similarly situated employees who were paid hourly with a non-discretionary commission on their sales.

38. Defendants failed and refused to pay Plaintiff and the class of their similarly situated current and former employees overtime wages calculated at time and one-half of their regular hourly rate for all hours worked over 40 hours in a given workweek.

39. Defendants willfully and intentionally refused to pay Plaintiff and the class of their similarly situated current and former employees wages at a rate of time and one-half times their regular rate of pay for each of the overtime hours they worked during the relevant time period.

40. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff and the class of similarly situated employees the correct overtime wage for all hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff and the class of similarly situated employees to believe that Defendants were not required to pay an overtime that included commission as part of their calculations and were not required to pay them for the trainings attended, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff and the class of similarly situated employees the overtime pay earned.

41. Plaintiff and the class of similarly situated employees are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

WHEREFORE Plaintiffs, Edmundo Da Silva, on behalf of himself and all others similarly situated, demands the entry of a judgment in favor of Plaintiff and the class and against Defendants, SOS Furniture Company, Inc., Mattress One, Inc., Mohaned Salem, and Jamil Salem, jointly and severally, after trial by jury and as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiff can send notice to all similarly situated current and former employees of Defendants during the past three years;

b. That the Court appoint Plaintiff as a the representative of the collective/class;

c. That the Court appoint the undersigned as the counsel for the collective/class;

d. That the named Plaintiff and all class members who opt in recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

e. That Plaintiff and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

f. That the Defendants be Ordered to make the Plaintiff and all class members who opt in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

g. That Plaintiff and all class members recover a judgment for all interest allowed by law; and

h. Such other and further relief as the Court deems just and proper.

9

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Dated this <u>4th</u> day of May, 2017.

                                              Respectfully Submitted,

                                              FAIRLAW FIRM
                                              *Counsel for Plaintiff*
                                              7300 N. Kendall Drive
                                              Suite 450
                                              Miami, FL 33156
                                              Tel:    305.230.4884
                                              Fax:   305.230.4844

                                              <u>s/*Brian H. Pollock, Esq.*</u>
                                              Brian H. Pollock, Esq.
                                              Fla. Bar No. 174742
                                              brian@fairlawattorney.com

10

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*